UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MANUEL TUNCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-125 |
| | § | |
| FINS GRILL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

On this day came on to be considered a <u>sua</u> <u>sponte</u> examination of the Court=s federal question jurisdiction over the above-styled cause of action.  For the reasons stated herein, the Court ORDERS that the cause be REMANDED to the 105th Judicial District Court, Nueces County, Texas, where it was originally filed as Cause No. 07-4196-D, pursuant to 28 U.S.C. ' 1447(c).

## I.      JURISDICTION

Defendants removed this case alleging federal question jurisdiction under 28 U.S.C. ' 1331, arguing that the claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA").  The Court determines that it does not have jurisdiction over this action.

## II.     FACTS AND PROCEEDINGS

On April 13, 2007, Plaintiff Manuel Tunchez, a delivery person for Sysco Food Services of San Antonio, was delivering food to Defendant Fins Grill's restaurant when Graham Williams, an employee of Fins Grill's, opened one of the restaurant doors suddenly, striking

Plaintiff in the back.  (D.E. 1, Ex. 3, p. 43.)  Plaintiff suffered "serious injuries to his body" and has undergone surgery as a result.  (Id.)

Plaintiff sued Defendants Fins Grill and Sysco San Antonio, Inc. in the 105th Judicial District Court, Nueces County, Texas, as Cause No. 07-4196-D.  Plaintiff filed his original complaint on August 3, 2007.  (D.E. 1, Ex. 3)  The current operative complaint, Plaintiff's Fourth Amended Complaint, was filed on April 13, 2009. (D.E. 1, Ex. 3, p. 47.)  Defendants timely removed this suit to federal court claiming that Plaintiff=s claim is governed by ERISA and therefore, it should be removed on the basis of federal question preemption.  (D.E. 1.) Defendant argues that A[w]hile Tunchez dresses his petition in tort garb, his claims constitute nothing more than a request for on-the-job injury, medical, and/or disability benefits under ERISA-covered employee welfare benefit plans." (D.E. 1, p. 3.)  The Court now considers jurisdiction in this matter.

## III.   DISCUSSION

### A.   REMOVAL JURISDICTION GENERALLY

A court is required to raise the issue of subject matter jurisdiction sua sponte to determine whether or not jurisdiction may be properly conferred.  See, F.D.I.C. v. Loyd, 955 F.2d 316, 322 (5th Cir. 1992).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. ' 1447(c) (emphasis added). A district court should constantly examine the controversies before it in order to determine the presence of subject matter jurisdiction and, if such jurisdiction is found lacking, the district court must remand to state court if appropriate, or otherwise dismiss.  Marathon Oil Co. v. Ruhrgas, 115 F.3d 315, 318 (5th Cir. 1997);  Coleman v. Alcolac, Inc., 888 F. Supp. 1388, 1394 (S.D. Tex. 1995).

District courts have original, federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. ' 1331. "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-2856 (1983). When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. See, Pullman Co. v. Jenkins, 305 U.S. 534, 537-38, 59 S. Ct. 347, 348-49 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993); Brown v. Southwestern Bell Tel. Co., 901 F.2d 1250, 1254 (5th Cir. 1990); Idoux v. Lamar Univ. Sys., 817 F. Supp. 637, 642 (E.D. Tex. 1993).

## B.    ERISA PREEMPTION

### 1.    Well-Pleaded Complaint Rule

The presence of federal question jurisdiction is governed by the well-pleaded complaint rule. Gully v. First Nat. Bank, 299 U.S. 109, 112-113, 57 S. Ct. 96, 97-98 (1936); Powers v. South Central United Food & Commercial Workers Unions, 719 F.2d 760, 764 (5th Cir. 1983). The well-pleaded complaint rule states that a "plaintiff's properly pleaded complaint governs the jurisdictional determination, and if on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, 876 F.2d 1157, 1160-61 (5th Cir. 1989) (citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846 [1983]).  "The plaintiff is thus the master of her complaint." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995). Where a plaintiff has a choice between federal and state law claims, he "may elect to proceed in

state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded." Id. A defendant cannot establish federal question jurisdiction merely by showing that federal law will "apply" to a case or that there is a "federal issue" in the plaintiff's state law causes of action. Id.; see also Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986).

**2.      ERISA "Complete Preemption**

Complete preemption is an exception to the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 391-392, 107 S. Ct. 2425, 2430 (1987). This doctrine holds that federal law can so completely preempt a field of state law that the plaintiff's complaint must be characterized as stating a federal cause of action, even if the complaint, on its face, contains only state law causes of action. See, e.g., id.; Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S. Ct. 1235, 1547 (1987); Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 23-24, 103 S. Ct. 2831, 2854 (1983); Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 675, 94 S. Ct. 772, 781 (1974). For complete preemption to adhere, the federal law must so completely preempt the field that any suit that sounds in that area necessarily is a federal action. Brown v. Crop Hail Management, Inc., 813 F. Supp. 519, 523 (S.D. Tex. 1993). The Fifth Circuit states that to determine the preemptive force of a federal statute, "there must be evidence of >the clearly manifested intent of Congress= that such preemption occur." Bruneau v. Federal Deposit Insurance Corp., 981 F.2d 175, 179 (5th Cir. 1992) (quoting Metropolitan Life, 481 U.S. 58, 63, 107 S. Ct. 1235, 1547 [1987]). The complete preemption doctrine "represents a narrow exception to the rule requiring the basis of federal question jurisdiction to be found on the face of the plaintiff's well-pleaded complaint and not in any anticipated defense." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 367 (5th Cir. 1995).

Under ERISA, "complete preemption" occurs where a state-law cause of action falls within the scope of a particular enforcement provision in ERISA § 502.  See 29 U.S.C. § 1132; Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003) (en banc.)[1]  A state-law cause of action falls within the scope of an ERISA § 502 enforcement provision when a plan participant or beneficiary seeks to recover benefits due or to enforce rights under an ERISA plan. See Transitional Hosps. Corp. v. Blue Cross and Blue Shield of Tex., 164 F.3d 952, 954 (5th Cir. 1999) (state-law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud are preempted by ERISA when the plaintiff seeks to recover benefits owed under the plan to a plan participant); Mem. Hosp. Sys. V. Northbrook Life Ins. Co., 904 F.2d 236, 245 (5th Cir. 1990).  When a plan participant or beneficiary sues to recover benefits or enforce rights under an ERISA plan, the plaintiff's state-law causes of action are completely preempted and recast as federal causes of action. See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999).  When there is complete preemption, federal question jurisdiction exists regardless of how the complaint is pleaded, and removal is proper.  See id.

---

1       ERISA § 502 states as follows in relevant part: "A civil action may be brought (1) by a participant or beneficiary … (B) to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

        The rationale for complete preemption has been explained as follows:

        [T]he detailed provisions of § 502(a) [29 U.S.C. § 1132(a)] set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans.  The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.

Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 144 (1990) (internal quotations omitted).

### 3.    ERISA "Conflict Preemption"

There is a second type of preemption under ERISA, referred to as "conflict" or "ordinary" preemption.  See Bennett v. Life Ins. Co. of North Am., 398 F.Supp.2d 533, 538 (N.D. Tex. 2005).  Conflict preemption applies when a state law claim falls outside the scope of ERISA § 502, but the claim is still preempted by ERISA § 514.  See Giles, 172 F.3d at 337. ERISA § 514 states that ERISA's provisions "supersede any and all state common laws insofar as they relate to any employee benefit plan."  29 U.S.C. § 1144(a).  A state law "relates to" an ERISA plan "in the normal sense of the phrase if it has connection with or reference to such a plan." Shaw v. Delta Air Lines, 463 U.S. 85, 96-97, 103 S. Ct. 2890, 2899-900 (1983).  The Supreme Court has cautioned, however, that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan."  Shaw, 463 U.S. at 100 n.21, 103 S. Ct. at 2901, n.21.   "The ultimate question is whether, 'if the appellant['s] claims were stripped of their link to pension plans, they would cease to exist."  Rokohl v. Texaco, 77 F.3d 126, 129 (5th Cir. 1996) (quoting Hook v. Morrison Milling Co., 38 F.3d 776, 784 [5th Cir. 1994]).

Conflict preemption is defensive in nature and, unlike complete preemption, does not displace the well-pleaded complaint rule.  See id.  ("Rather than transmogrifying a state cause of action into a federal one -- as occurs with complete preemption -- conflict preemption serves as a defense to a state action.") (emphasis in original).   Further, "[t]he presence of conflict-preemption does not establish federal question jurisdiction."  Id.; see also Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 291 n. 3 (5th Cir. 1999).

**C.    PLAINTIFF'S    NEGLIGENCE    CLAIM    IS    NOT    COMPLETELY
PREEMPTED BY ERISA**

The underlying claim of Plaintiff's Complaint is one of negligence, only.  (D.E. 1, Ex. 3,
p. 45.)  He seeks to recover damages resulting from personal injuries he sustained while
delivering food to Defendants.  Under his operative complaint, Plaintiff Tunchez brings a
negligence claim against Defendants Fins Grill and Sysco San Antonio; he does not seek to
enforce rights under an ERISA plan.  Defendant nonetheless maintains that Plaintiff's claims are
simply a "request for on-the-job injury, medical, and/or disability benefits under ERISA-covered
employee welfare benefit plans." (D.E. 1, pp. 3.)  However, the operative petition in this action
states that "Defendant Sysco was a nonsubscriber to workers' compensation insurance under the
Texas Workers' Compensation Act at the time of the incident in question." (D.E. 1, Ex. 3, p. 45)
Further, Plaintiff notes that he does not allege that Defendant Sysco "wrongfully failed to pay
benefits under its SafetyNet and Group Benefits Plan." (D.E. 16.)  Even if, as Defendant argues,
Plaintiff's negligence claim "relates to" an ERISA-covered plan, it would amount to ERISA
conflict preemption, and not ERISA complete preemption.

Consequently, this Court must use the well-pleaded complaint rule.  This rule states that a
"plaintiff's properly pleaded complaint governs the jurisdictional determination, and if on its
face, such a complaint contains no issue of federal law, then there is no federal question
jurisdiction." Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, 876 F.2d 1157, 1160-61 (5th Cir.
1989) (citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10, 103 S. Ct. 2841,
2846 [1983]).  On the face of Plaintiff's complaint, there is no indication of federal question
jurisdiction.  (D.E. 1, Ex. 3.)  "[S]ome state law claims implicate an ERISA plan in too
peripheral a manner to be preempted, regardless of whether the ERISA plan is in some way

affected by the claim." <u>Portillo v. Convalescent Enterprises, Inc.</u>, 2005 WL 1796146 (W.D. Tex. 2005) citing <u>Hook v. Morrison Milling Co.</u>, 38 F.3d 776, 781 (5th Cir. 1994).  Here, even if an ERISA plan is indirectly involved, Plaintiff's "cause[] of action exist[s] independently of the plan and would exist even if the plan did not exist." <u>Bell v. Homestead Senior Care</u>, 2008 WL 1959802 at *4 (N.D. Tex. 2008)  <u>See</u> <u>also</u> <u>Holloway v. Avalon Residential Care Homes, Inc.</u>, 107 Fed.Appx. 398, 399 (5th Cir. 2004) (holding that remand is appropriate where an employee's suit against her employer alleges state-law claims for injuries sustained due to an unsafe work environment that are not preempted by ERISA.)  Therefore, this action does not Arelate to@ an ERISA plan and Plaintiff's cause of action for negligence is not preempted by ERISA.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that federal question jurisdiction based on ERISA preemption does not exist, and that it lacks jurisdiction over the above-styled cause of action.  Accordingly, the Court ORDERS that this case be remanded to the 105th Judicial District Court, Nueces County, Texas where it was originally filed and assigned Cause No. 07-4196-D.

SIGNED and ORDERED this 24th day of August, 2009.

Janis Graham Jack
United States District Judge